## SCHOEN *et al. v.* MARYLAND CASUALTY COMPANY.

The petition was deficient in stating an action for slander of title, and
was properly dismissed on demurrer.
                              JULY 11, 1917.

Equitable petition.   Before Judge Pendleton.   Fulton superior
court.   June 22, 1916.

A. M. Schoen and others filed a petition alleging that the Mary-
land Casualty Company has instituted in the city court of Atlanta
an action against them for a breach of contract, and that they
have a cause of action arising ex delicto which they can not set off
in the city court; for which reason the Maryland Casualty Com-
pany's action should be enjoined, and it should be required in this
proceeding to set up whatever claim it may have against petitioners,
and that petitioners have judgment against it on its cross demand.
Petitioners further alleged, in substance, that they leased from
C. W. Hunnicutt, for a period of 99 years, certain real estate in the
City of Atlanta.   As a part of the lease and as a condition thereof
was the following clause:   "Parties of the second part are to here-
with cause to be made, executed, and delivered, and continually
kept of force, a good and sufficient bond or bonds in a solvent
surety company or companies, in the sum of fifty thousand ($50,-
000) dollars, payable to the party of the first part, his heirs, ex-
ecutors, administrators, and assigns, conditioned upon the faithful
and prompt performance of each and every obligation, stipulation,
and condition flowing from, or assumed by, parties of the second
part."   Petitioners agreed with the casualty company that it
should become their surety, and through its local agent and attor-
ney it executed to Hunnicutt a contract of indemnification as pro-

vided for in the lease, and received from petitioners $40,000 worth of the capital stock of a bank in Macon, Ga., as collateral guaranty upon the indemnification contract. Petitioners assigned their lease to the Trust Company of the South, and accepted in payment for such transfer 800 shares of its stock. The Trust Company spent $15,000 in improving the property. The casualty company received premiums on the bond from petitioners and their assignee, and has never refunded them nor the collateral stock given. Notwithstanding it had "accepted the bond" and held the collateral thereon and accepted premiums therefor, almost from the beginning it has sought to repudiate the action of its agents in signing the bond to Hunnicutt, denied that the execution of the bond was the act of the company, and notified Hunnicutt that it was not liable upon the bond. It falsely represented to Hunnicutt that it had made no contract of indemnity, for the purpose of injuring petitioners in their relations with Hunnicutt, by bringing them into discredit and making Hunnicutt believe that petitioners had not in fact obtained the bond called for in the lease contract; the motive being to put petitioners in a false attitude before Hunnicutt by creating the impression that petitioners had misrepresented to him the facts concerning the bond. These slanderous misrepresentations created a doubt in the mind of Hunnicutt that the provision in the lease had been complied with, and Hunnicutt, in the belief that he had no bond, sued out a dispossessory warrant against the Trust Company of the South, on the ground that the taxes had remained unpaid for 90 days (the lease requiring payment of taxes within that time), although the real reason that Hunnicutt took this action was because of his belief that petitioners had failed to give the bond required by the lease. The defendant did not assist petitioners in this litigation, but secretly joined with Hunnicutt for a consideration, and procured a release from the terms of the bond. Hunnicutt also brought a receivership proceeding against the Trust Company of the South. The result of these proceedings is that petitioners have lost the value of their stock in the Trust Company; wherefore they pray to recover damages. The petition was amended by alleging that taxes were paid before the expiration of ninety days, and petitioners were not in default; but that they were unable to defend, because of their inability to give

the bond required by law in such cases.   The petition as amended was dismissed on general demurrer.

*Spence & Spence,* for plaintiffs.   *Leonard Haas,* for defendant.

EVANS, P. J.   The pleader expressly disclaims any cause of action except for an alleged tort in connection with the defendant's repudiation of its bond, alleged to have been executed in compliance with the lease from Hunnicutt.   No recovery is asked for the premiums alleged to have been received, nor is the amount of such premiums stated.   No recovery is sought for the stock of the Macon bank alleged to have been turned over to the defendant.   The plaintiffs attempt to set forth a cause of action for slander of title to their leasehold estate.   The owner of any estate in lands may maintain an action for libelous or slanderous words falsely and maliciously impugning his title, if any damage has accrued to him therefrom.   Civil Code (1910), § 4479.   In order to sustain an action of this kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered. 25 Cyc. 559.   It is contended that the slander consists in the defendant representing to Hunnicutt, through its principal officers, that it had not in truth executed the bond, and that its agents who had signed the contract of suretyship were not authorized to make the contract.   The defendant did not, by denying its obligation on a surety bond alleged to have been given in compliance with the lease contract, reflect on the validity of the lease contract.   It did not impugn the title of the plaintiffs by denying the authority of its agents to sign the bond.   The dispossessory warrant was based on failure to pay taxes as contracted.   Hunnicutt had the right to insist on this term of the lease contract, even though he may have believed that the plaintiffs had failed to give the stipulated bond. Furthermore, it is not alleged that the defendant acted maliciously; and this allegation is essential to an action of this kind. The plaintiffs do not sue for any breach of contract of suretyship, and it is not necessary to decide whether such a breach is alleged. The action is one of slander of title, and as such is deficient in allegation.          *Judgment affirmed.   All the Justices concur.*