## COPELAND *v.* CARPENTER.

No. 16004.   NOVEMBER 12, 1947.

*Robert B. Blackburn* and *Weekes & Candler,* for plaintiff in error.

*Augustine Sams,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The sufficiency of the petition is challenged by the demurrer on the ground that it states no cause of action for any of the relief prayed. "The owner of any estate in lands may maintain an action for libelous or slanderous words falsely and maliciously impugning his title, if any damage shall have accrued to him therefrom." Code, § 105-1411. A petition which alleges the uttering and publishing of slanderous words, that they were false, that they were malicious, that special damage resulted, and that the plaintiff had an estate in the property slandered states a cause of action. 25 Cyc. 559; *Schoen* v. *Maryland Casualty Co.,* 147 *Ga.* 151, 153 (93 S. E. 82). The petition in the instant case alleges that the plaintiff owned certain described land in DeKalb County; that the defendant during August, 1946, wilfully, falsely, and maliciously stated to the plaintiff's prospective purchaser that the defendant owned the land, had deeds to it, and would sell it; and that the plaintiff had sustained special damage because of such representations. For purposes of the demurrer, the allegations of the petition, of course, are admitted to be true, and when applied to the principle of law announced in the *Schoen* case, supra, we hold that these allegations were sufficient to state a cause of action; and for that reason the court did not err in overruling the general demurrer.

■ We have held in the preceding division that the allegations of the petition were sufficient to state a cause of action for any special damages flowing to the plaintiff for a tort alleged to have been committed by the defendant, namely, falsely and maliciously impugning his title to certain lands. As we view and construe the petition and its prayers, it states no other cause of action. This being true, and we hold that it is, there is no merit, of course, in that ground of the demurrer which attacks the petition for a misjoinder of causes of action.

■ Paragraph 13 of the petition alleges that the plaintiff, because of the alleged wrongful acts of the defendant, lost a sale of his property and in consequence thereof was damaged $3000. Paragraph 17 alleges that the plaintiff expended $100 investigat-

ing the defendant's claim; $500 for counsel fees as a necessary item of expense to prevent a continued slander of his title; and the balance of the $3000 was compensation for the loss of his time and for damage sustained because of a failure to close a sale of his property. These paragraphs were specially demurred to upon the grounds that the allegations were mere conclusions of the pleader without a statement of facts sufficient to support them, and that they were not sufficient to put the defendant on notice how or in what way the plaintiff had been damaged. We think that these objections to the petition were good, and that the court should have sustained special grounds 7 and 9 of the demurrer. The plaintiff could recover only such special damages as he actually sustained as a consequence of the alleged wrongful acts, and he was required to plead them plainly, fully, and distinctly. Code, § 81-101; *City Council of Augusta* v. *Marks*, 124 *Ga.* 365 (6) (52 S. E. 539). The demurrers on these grounds should have been sustained.

■ We have carefully examined the remaining grounds of special demurrer and hold that they were without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*