70381. BELL v. KING, PHIPPS & ASSOCIATES, P. C. et al.
(337 SE2d 364)

McMURRAY, Presiding Judge.

Plaintiff George Bell, administrator with the will annexed of the estate of Cleo Foster, brought this malicious use of process action in the Superior Court of Dougherty County against Ceola Foster Greene, Velma Foster Edwards, Mae Beulah Foster Mallard and Floyd Foster. These defendants were the sisters and brother, respectively, of the decedent, Cleo Foster. In addition, plaintiff named two law firms and two attorneys as defendants. The lawyers represented the sisters and brother of Cleo Foster with regard to the prior lawsuit.

Cleo Foster was the nominal titleholder of land in Clay County, Georgia and he sought to devise the Georgia property in his will. In the prior action (which was brought in Clay County by Cleo Foster's sisters), Cleo Foster's sisters alleged that Cleo Foster held the Clay County property under an implied trust in favor of himself and all

the Foster siblings. The prior suit was terminated in favor of the estate in June 1982.

In the present action, plaintiff alleged that defendants "conspired to maliciously use the processes of the Superior Court of Clay County, Georgia . . . for the purpose of wrongfully depriving one or more of the beneficiaries under the Last Will and Testament of Cleo Foster, deceased, of their rightful interest in and to 250 acres of land, more or less, in Land Lot 213 in the 5th Land District of Clay County, Georgia . . ." Defendants denied the material allegations of the complaint. Thereafter, following discovery, C. B. King & Associates, P. C., formerly King, Phipps & Associates, P. C., one of the defendant law firms, and Herbert E. Phipps, one of the defendant attorneys, moved for summary judgment. The motion was granted and plaintiff appealed. *Held*:

1. "To recover for malicious use of process, the following requisite elements must be shown: (1) prosecution of a civil action with malice; (2) such prosecution was without probable cause; (3) a termination of the proceedings in favor of the defendant; and (4) the prosecution of the process caused: (a) arrest of the person; (b) a seizure of his property; or (c) other special damage." *Pair v. Southern Bell Tel. &c. Co.*, 149 Ga. App. 149 (253 SE2d 828). Accord *Pugh v. Frank Jackson Lincoln-Mercury*, 165 Ga. App. 292 (300 SE2d 227).

Defendants assert the trial court properly granted their motion for summary judgment because the evidence fails to demonstrate that the prosecution of the prior action caused a seizure of property or other special damage. On the other hand, plaintiff contends the evidence demonstrates both a seizure of property and special damages. In support of his contention, plaintiff points out that when defendants brought the prior action (1) they obtained an ex parte temporary restraining order which purportedly prohibited the estate from distributing or selling the property until further order of the court and (2) they filed a lis pendens with regard to the property.

(a) The Temporary Restraining Order

The prior lawsuit was brought by Cleo Foster's sisters against defendant Floyd Foster, in his capacity as executor of the estate of Cleo Foster. (Floyd Foster is named as a defendant in the case sub judice because he allegedly conspired to bring the prior action against himself in derogation of his fiduciary duties.) On July 20, 1981, the ex parte restraining order was entered in the prior lawsuit. The order read, in material part: "The defendant [Floyd Foster] is hereby restrained and enjoined from distributing under the Will of Cleo Foster or otherwise disposing of the land . . . pending further order of this Court."

At the time of his death, Cleo Foster was a resident of Broward County, Florida. His estate was to be administered in Florida by his

brother, Floyd Foster. Floyd Foster was a non-resident of the State of Georgia. Although he was the Florida representative of the will of Cleo Foster, he never qualified as executor in the State of Georgia. Thus, Floyd Foster had no authority to convey the Clay County land. See in this regard OCGA § 53-6-120 et seq.

On October 5, 1981, the will of Cleo Foster was admitted to probate in Clay County, Georgia. Thereafter, on December 2, 1981, plaintiff was qualified as administrator with will annexed of the estate of Cleo Foster.

Given these facts, we fail to see how the temporary restraining order constituted a seizure of the property of plaintiff's decedent. Because the temporary restraining order was granted ex parte, it expired, as a matter of law, within 30 days after it was entered. OCGA § 9-11-65. During the period of time the restraining order was in force, the Florida executor, Floyd Foster, was unable to dispose of the property. See OCGA § 53-6-124. In his deposition, plaintiff admitted that he could not have sold the property before February 1982. (See in this connection OCGA § 53-8-23 et seq.) Thus, the temporary restraining order expired long before the property could have been sold. It cannot be said, therefore, that the property of plaintiff's decedent was seized by the order. Compare *South Ga. Bldg. &c. Co. v. Mathews*, 4 Ga. App. 289, 293 (61 SE 293). Nor can it be said that the temporary restraining order caused the estate special damages.

(b) The Lis Pendens

On August 3, 1981, a lis pendens was filed by the attorneys representing the sisters of Cleo Foster. The lis pendens gave notice that the property of plaintiff's decedent was the subject of a declaratory judgment action to determine title. (See OCGA § 44-14-610.) The lis pendens was not removed until the prior action was terminated in June 1982.

"A lis pendens simply gives notice to prospective purchasers that a lawsuit involving the realty has been filed. It does not prevent the sale of the property, nor is it a lien on the property. *Lankford v. Milhollin*, 203 Ga. 491 (47 SE2d 70) (1948)." *Aiken v. C & S Bank*, 249 Ga. 481, 482 (291 SE2d 717). Thus, the lis pendens did not preclude the sale of the property and it did not constitute a seizure of the property. See *Horner v. Savannah Valley Enterprises*, 138 Ga. App. 117 (225 SE2d 458). Did the filing of the lis pendens cause plaintiff special damages?

"Special damages are those which actually flow from a tortious act; they must be proved in order to be recovered." OCGA § 51-12-2. The expenses of defending a lawsuit do not constitute special damages. *Taylor v. Greiner*, 247 Ga. 526, 528 (277 SE2d 13).

In support of his contention that he was caused special damages upon the filing of the lis pendens, plaintiff points to evidence that the

value of the property declined from March 1981 through December 1982. (The property ultimately was sold on December 13, 1982.) We do not think this evidence shows that plaintiff was caused any special damages as a result of the filing of the lis pendens. True, the value of the property declined during the period of time in question. But the evidence demonstrates that the decline in value was caused by general "economic" conditions which prevailed in the community. The record is devoid of evidence that the value of the property was affected by the lis pendens. Accordingly, it cannot be said that special damages flowed from the alleged tortious acts of the defendants. See *Gardner v. West-Col, Inc.*, 392 A2d 383, 386 (8-10).

2. The trial court did not err in granting defendants' motion for summary judgment.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur. Benham, J., disqualified.*

DECIDED OCTOBER 10, 1985 —
REHEARING DENIED NOVEMBER 5, 1985 — ▮▮▮▮▮▮▮▮

*William S. Stone*, for appellant.
*Jeffrey M. Smith, Karen B. Bragman, W. Earl McCall*, for appellees.