## 77438. HARMON v. CUNARD.
### (378 SE2d 351)

Benham, Judge.

This case involves defamation of title to land under OCGA § 51-9-11. Cunard contracted with Harmon to repair and reconstruct portions of Harmon's house, which had been damaged by fire. The contract price agreed to by the parties was $14,942.42. Cunard had partially completed the work for which they had contracted but had not received any payment when he filed a material and labor lien for $14,000. He later filed suit against Harmon seeking a judgment for $5,826.50 under the contract, $4,000 for lost time and profits, and $200 for materials allegedly damaged by Harmon. Harmon answered and counterclaimed, alleging inter alia that Cunard's filing of the lien was wilful and tortious, and that it prevented Harmon from selling her house and from obtaining funds needed to complete work on it. A jury trial was held, and the jury returned a verdict in Harmon's favor on the defamation of title issue, awarding her $500 nominal damages and $3,000 punitive damages. The trial court entered judgment in accordance with the verdict, Cunard filed a motion for judgment n.o.v., and the trial court granted the motion. Harmon appeals from the grant of the judgment n.o.v.

OCGA § 51-9-11 states that "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him there-

from." "In order to sustain an action of this kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." *Schoen v. Md. Cas. Co.*, 147 Ga. 151, 153 (93 SE 82) (1917). Appellant failed to prove the required facts. She contends that appellee's complaint and appellee's testimony proved that the claim of the lien was clearly excessive. Appellee testified that he filed the lien at a time when appellant owed him $10,000 on the contract; that appellant prevented him from completing his work by refusing to let him perform the job in accordance with the insurance company specifications, contrary to what was agreed to in the original contract; that at the time appellee had stopped working on appellant's home he had completed $5,826.50 worth of work; and that appellee felt that he had suffered an additional $4,000 loss of time and profits by attempting to assist appellant to resolve her disputes with building supply companies, the insurance company, and the Department of Housing and Urban Development (HUD). Appellee's testimony supported his good faith in filing the $14,000 lien, and appellant presented no proof that appellee acted with malice in filing it. Even if the amount of the lien was excessive, that is not the standard one uses to prove defamation of title.

Appellant also failed to prove that she suffered any special damages as a result of appellant's action. She alleged in her counterclaim that the lien prevented her from obtaining funds necessary to complete her house and prevented her from selling her house, without offering specific figures for the damage allegedly suffered. A review of the record shows that she does not testify to or otherwise prove any special damages actually sustained in this regard. In her brief she argues that the damage she suffered was the denial of full enjoyment of her home and that because of the lien claim, HUD would not release funds intended for completion of the work to her home. Appellant was entitled to recover "only such special damages as [she] actually sustained as a consequence of the alleged wrongful acts, and [she] was required to plead them plainly, fully and distinctly. [Cits.]" *Copeland v. Carpenter*, 203 Ga. 18 (3) (45 SE2d 197) (1947). There being no proof of defamation of title as required, the trial court did not err in granting appellee's motion for judgment notwithstanding the verdict.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1989.

*Scott Walters, Jr.*, for appellant.
*McReynolds & Associates, J. Michael Welch, Frederic S. Beloin,*

for appellee.