A93A0310. HICKS v. McLAIN'S BUILDING MATERIALS, INC.
(433 SE2d 114)

COOPER, Judge.

In this action for the "filing of fraudulent materialman's liens" and fraudulent misrepresentation, appellant appeals from the trial court's grant of summary judgment for appellee.

Appellant and her husband were building a new home, using Jerel Bartlett as their builder. Appellee supplied some of the materials used in the home. Although deliveries of supplies by appellee were supposed to be on a C. O. D. basis, there is undisputed evidence that appellee's deliverymen would sometimes leave supplies at the work site even if Bartlett was not there or did not have a check from appellant and her husband ready. In that event, Bartlett would go by appellee's office to pay the next day. In November 1990, appellant fired Bartlett. A dispute subsequently arose between appellant and appellee regarding two amounts appellee said appellant and her husband owed. The first was $2,520.93 for standard building supplies appellee says Bartlett ordered and it delivered; the second was $19,858.60 for an alleged special order of non-standard doors and windows which appellant and her husband contend they never authorized. This special order was refused prior to delivery, and the materials were not used in the home. On December 11, 1990, appellee filed two liens against appellant's house, one for each of the amounts allegedly owed,

without notifying appellant. In January 1991, appellant paid the bill for $2,520.93, but the lien based on that claim was not cancelled. Appellant discovered the liens in the course of a title search in March 1991. However, she did not ask appellee to release the liens. Instead, she filed this action seeking punitive as well as actual damages and attorney fees. Appellee released the liens before answering the complaint, but appellant persisted with her action. Appellee's motion for summary judgment was granted, and appellant appealed.

1. In two enumerations of error, appellant argues that she is entitled to recover damages from appellee because appellee failed to cancel the first lien after she paid the underlying $2,520.93 obligation and because appellee never had the right to file the second lien since the special order materials covered by the underlying $19,858.60 claim were never used in the house. Although appellant framed her first two causes of action as the "filing of fraudulent liens," there is no such tort in Georgia; thus, the trial court treated these counts as claims for defamation concerning title to land. See *Daniels v. Johnson*, 191 Ga. App. 70 (2) (381 SE2d 87) (1989); *Harmon v. Cunard*, 190 Ga. App. 19 (378 SE2d 351) (1989); OCGA § 51-9-11. In order to sustain such an action, a plaintiff must prove, among other things, that she sustained special damage as a result of the alleged defamatory words. *Daniels*, supra; *Harmon*, supra. As in *Daniels* and *Harmon*, the generalized allegations of appellant and her husband that they might have been hindered in obtaining credit as a result of the liens are insufficient to establish special damage. Appellant and her husband testified that the only actual costs incurred as a result of the liens were the costs of this litigation, including attorney fees. We agree with the trial court that costs of litigation and attorney fees cannot constitute the required special damage, as such costs and fees will be present in any suit and treating them as special damage would render the special damage requirement meaningless. Accordingly, the trial court properly concluded that a cause of action for defamation of title could not be maintained as a matter of law.

Appellant contends that her first two causes of action are based on her statutory rights under OCGA § 44-14-360 et seq. rather than § 51-9-11. With respect to her claim based on the lien for $2,520.93, appellant relies on OCGA § 44-14-362, which provides that upon payment of the underlying claim, a person who has filed a preliminary notice of lien rights pursuant to OCGA § 44-14-361.3 must cancel the preliminary notice within ten days or be liable to the owner for all actual damages, costs, and reasonable attorney fees. However, appellee filed a claim of lien pursuant to OCGA § 44-14-361.1 rather than a preliminary notice of lien rights pursuant to OCGA § 44-14-361.3, so OCGA § 44-14-362 does not apply. With respect to the lien based on the $19,858.60 claim, appellant contends that she is entitled to

damages under OCGA § 44-14-361.1 because appellee filed a lien without the legal right to do so and then failed to notify appellant, as is required by OCGA § 44-14-361.1 (a) (2). OCGA § 44-14-361.1 does not provide for an action for damages for its violation, however; instead, it explicitly states that failure to comply with its provisions will result in the unenforceability of the lien. Accordingly, appellant's reliance on this Code section is misplaced, and the trial court did not err in granting summary judgment for appellee with respect to appellant's first two causes of action.

2. Appellant further argues that genuine issues of material fact exist regarding her claim of fraudulent misrepresentation. See OCGA § 51-6-2. Specifically, appellant asserts that appellee fraudulently misrepresented how much appellant owed appellee on earlier invoices already paid by appellant. Appellant points to evidence that appellee bills customers from the original order form rather than from the delivery slip without checking to make sure everything ordered was actually delivered. Based on appellee's inability to produce documentation establishing delivery of many of the items she paid for, she alleges that she was billed for items ordered but not actually delivered. Appellant also points to documentation which she contends shows that she did not receive full credit for certain undelivered items and that the credit she did receive was in Bartlett's name rather than her own. " ' "To support an action for deceit, the misrepresentation must be either known at the time to be false, or recklessly made with the intention of deceiving the opposite party." ' [Cit.]" *Community Fed &c. Assn. v. Foster Developers*, 179 Ga. App. 861, 864 (1) (348 SE2d 326) (1986). While appellant may have shown sloppy business practices on the part of appellee, she has not presented evidence from which either knowledge of falsity at the time of the alleged misrepresentation or intent to deceive may reasonably be inferred. See generally *Windjammer Assoc. v. Hodge*, 246 Ga. 85 (269 SE2d 1) (1980). Appellant's suggestion that the alleged overcharging combined with Bartlett's name on the credit slip may give rise to the inference that the supplier and contractor were engaged in a fraudulent kickback scheme is fanciful and without merit. Thus, summary judgment was properly granted on the fraud count also.

3. Because we have concluded that summary judgment for appellee was properly granted, we need not address appellant's argument that she should have been granted partial summary judgment.

4. Requests for attorney fees or penalties by both parties are denied.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 24, 1993.

*Clifford H. Hardwick*, for appellant.
*James B. Gurley*, for appellee.