**In re DECORATING DIRECT, INC., Cherokee Falls Investments, Inc., Debtors.**

**DECORATING DIRECT, INC. and Cherokee Falls Investments, Inc., Plaintiffs,**

**v.**

**James M. CRAWFORD, Defendant.**

**Bankruptcy Nos. A94–69242–SWC, A94–73262–SWC; Adversary No. 95–6365.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Feb. 2, 1996.

---

Gregory D. Ellis, Lamberth, Bonapfel, Cifell, Willson and Stokes, P.A., Atlanta, GA, for Plaintiffs.

James M. Crawford, Atlanta, GA, for Defendant.

## ORDER

STACEY W. COTTON, Chief Judge.

Before the court are cross-motions for summary judgment. Plaintiff debtors, Decorating Direct, Inc. and Cherokee Falls Investments, Inc. ("Decorating" and "Cherokee" respectively), filed this adversary proceeding to avoid the attorney's lien claimed by defendant James M. Crawford. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). The findings and conclusions of the court are set forth hereinafter.

## FACTS

The debtors are Georgia Corporations that own real property in Cherokee County, Georgia. The debtors were named as defendants in two derivative actions filed by minority shareholders alleging, *inter alia,* breach of fiduciary duties, illegal and fraudulent self-appropriation, waste of corporate assets, usurpation of corporate opportunities and oppression of minority shareholders. On or about June 30, 1992, plaintiffs in one of the actions filed notices of lis pendens with the Clerk of the Superior Court of Cherokee County on certain real property owned by debtors. Defendant, an attorney at law, was hired in May of 1993 to represent the debtors in both actions. On April 12, 1994, defendant filed a motion on the debtors' behalf to strike and cancel the notices of lis pendens.

Decorating's voluntary Chapter 11 bankruptcy petition was filed July 5, 1994. Subsequently, the district court entered an order, on or about July, 29, 1995, cancelling the notices of lis pendens. Nineteen days later, on August 17, 1994, defendant timely filed an attorney's lien on the debtors' real property for unpaid attorney fees in the amount of $71,596.72.

Cherokee filed its voluntary Chapter 11 bankruptcy petition on September 27, 1994. In their bankruptcy cases, the debtors filed a motion to sell certain real property owned by them. Defendant objected to the sale based on his attorney's lien claim. By order entered April 13, 1995, this court authorized the sale of real property over defendant's objection, providing for escrow of sufficient funds to satisfy the lien, if valid.

## DISCUSSION

Federal Rule of Civil Procedure 56, made applicable by Bankruptcy Rule 7056, provides for the granting of summary judgment if "... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if it "... might affect the outcome of the suit under the governing (substantive) law...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). A dispute of fact is genuine "... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.,* 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby,* 516 F.2d 961, 963 (5th Cir.1975).

In determining whether there is a genuine issue of material fact, the court must view the evidence in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley,* 744 F.2d 1553, 1555 (11th Cir. 1984). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(e). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion must go beyond the pleadings and demonstrate that there is a material issue of fact which precludes summary judgment. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Coats & Clark,* 929 F.2d at 608.

Defendant claims an attorney's lien pursuant to O.C.G.A. § 15–19–14(c) as a result of his efforts resulting in removal of the

notices of lis pendens from the debtors' real property. Section 15–19–14(c) states:

> Upon all actions for the recovery of real or personal property and upon all judgements or decrees for the recovery of the same, attorney's at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes, which may be enforced by mortgage and foreclosure by the attorneys at law or their lawful representatives as liens on personal property and real estate are enforced. The property recovered shall remain subject to the liens unless transferred to bona fide purchasers without notice.

O.C.G.A. § 15–19–14(c).

In Georgia the attorney's lien statute is a derogation of the common law and must be strictly construed. "[T]he statute will not be construed so as to apply to any factual situation not strictly within its wording." *Middleton v. Westmoreland*, 164 Ga. 324, 138 S.E. 852 (1927). *Woodward v. Lawson*, 225 Ga. 261, 167 S.E.2d 660 *cert. denied*, 396 U.S. 889, 90 S.Ct. 175, 24 L.Ed.2d 163 (1969) *See, also, White v. Aiken*, 197 Ga. 29, 28 S.E.2d 263 (1943).

▇▇▇ The court must first determine whether the removal of a notice of lis pendens is the "recovery of real property" within the meaning of the Georgia statute. For the reasons that follow, the court finds that it is not. The Georgia Supreme Court has held that "[a] lis pendens simply gives notice to prospective purchasers that a lawsuit involving the realty has been filed. It does not prevent the sale of property, nor is it a lien on the property." *Aiken v. Citizens & Southern Bank of Cobb County*, 249 Ga. 481, 291 S.E.2d 717 (1982), *citing, Lankford v. Milhollin*, 203 Ga. 491, 47 S.E.2d 70 (1948). As a result, a lis pendens does not constitute a seizure of property. *Bell v. King, Phipps & Associates, P.C.*, 176 Ga.App. 702, 337 S.E.2d 364 (1985).

The notice of lis pendens merely served as a warning to others that rights which they may have acquired would have been subject to any valid judgement entered. 54 C.J.S. *Lis Pendens* § 31 (1987). It does not prohibit the sale of property nor is it a seizure of property. Defendant's successful motion to cancel the notice of lis pendens essentially removed a cloud from the property's title. That cancellation was not a recovery of real property within the meaning of O.C.G.A. § 15–19–14(c). Therefore, the attorney's lien claim under § 15–19–14(c) is void and of no effect and his claim is allowed as an unsecured claim.

In light of the foregoing findings, the remaining issues are rendered moot. Accordingly, it is

**ORDERED** that plaintiffs' motion for summary judgment is **GRANTED** and the attorney's lien claimed by defendant is determined to be void and of no effect; and it is

**ORDERED** that defendant's motion for summary judgment is **DENIED**.

IT IS SO ORDERED.

### *JUDGMENT*

This matter came on for consideration before the court. The issues have been considered and a decision has been rendered. Accordingly, it is

**ORDERED AND ADJUDGED** that summary judgment is granted in favor of plaintiffs, Decorating Direct, Inc. and Cherokee Falls Investments, Inc., and against defendant, James M. Crawford, and the attorney's lien asserted by defendant is determined to be **VOID** and of no effect; and it is

**ORDERED** that defendant's claim is allowed as an unsecured claim in the amount of $71,596.72.

IT IS SO ORDERED.