S03G1204. LATSON et al. v. BOAZ et al.
(598 SE2d 485)

THOMPSON, Justice.

Darrell and Carolyn Boaz (husband and wife) sued attorney William Latson for fraud, fraudulent foreclosure, and slander of title. Latson's subsequent motion for summary judgment was granted as to all counts on the basis that the various claims were barred by the applicable statutes of limitation. The Court of Appeals reversed as to the fraudulent foreclosure and slander of title claims, reasoning that those claims were not time-barred. *Boaz v. Latson*, 260 Ga. App. 752 (580 SE2d 572) (2003) (physical precedent only). We granted certiorari and hold that summary judgment should have been granted to Latson on the claim for slander of title for the reason that the Boazes failed to meet their burden of proving special damages.[1] To the extent that the Court of Appeals concluded differently, the judgment of that court is hereby reversed.

We review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party. *Talbot County Bd. of Commrs. v. Woodall*, 275 Ga. 281 (565 SE2d 465) (2002). To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "If the moving party discharges this burden, the nonmoving party

---

[1] Because the ruling of the Court of Appeals as to the fraudulent foreclosure claim was not certified for review on certiorari, that claim remains pending below.

cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id.

Construing the evidence and all reasonable inferences in the light most favorable to the nonmoving party (the Boazes), it was established that Darrell Boaz retained Latson to represent him in a series of legal matters beginning in 1972 and continuing intermittently throughout the next two decades. In 1994 an individual acting on behalf of Latson presented Boaz with a document containing only a signature line and blank notary stamp. Boaz was told by this individual that Latson required his signature on that document which was to be used as an affidavit in a pending legal proceeding; Boaz agreed and signed the document. Boaz claims that Latson used his signature to create a fraudulent promissory note from Boaz to Latson for approximately $20,000. The note pledged as security property jointly owned by Boaz and his wife. It is uncontroverted that the security deed was presented to Darrell Boaz and that he provided information to be used in the property description contained in the document.

Latson recorded the note and the accompanying deed to secure debt in March of 1995. The Boazes assert that they were unaware of the note until 2001, when Latson sought payment and commenced foreclosure proceedings on the secured property. Latson published notice of the foreclosure in a local newspaper; the Boazes use this publication as the basis for their slander of title claim. Latson's position is that the deed to secure debt was not fraudulently created, but rather was agreed to by Darrell Boaz as a means for Latson to secure payment of his attorney fees.

The owner of property may bring an action for "libelous or slanderous words which falsely or maliciously impugn his title if any damage accrues to him therefrom." OCGA § 51-9-11. "In order to sustain an action of this kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." (Citation and punctuation omitted.) *Amador v. Thomas*, 259 Ga. App. 835, 837 (2) (578 SE2d 537) (2003). See also *Schoen v. Md. Cas. Co.*, 147 Ga. 151 (93 SE 82) (1917). The Boazes "could recover only such special damages as [they] actually sustained as a consequence of the alleged wrongful acts, and [they were] required to plead them plainly, fully, and distinctly." *Copeland v. Carpenter*, 203 Ga. 18, 20 (3) (45 SE2d 197) (1947). See also *Sanders v. Brown*, 257 Ga. App. 566 (b) (571 SE2d 532) (2002).

It must now be determined as a threshold issue whether the Boazes failed to specifically offer evidence of special damages necessary to maintain an action for slander of title.[2] "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial." *Lau's Corp.*, supra at 491.

The ad damnum clause of the complaint sought actual damages in excess of $20,000 for fraud. As for special and compensatory damages for slander of title, plaintiffs sought $50,000 "for humiliation and embarrassment caused by the slanderous publication of the foreclosure commenced against the plaintiffs, or such amount as the jury determines is adequate to compensate the plaintiffs for the acts of and actions of the defendant."[3] When asked in discovery requests to state the grounds for their claim of special damages, they responded that Latson's actions subjected them to humiliation, ridicule, upset, and worry.

The record shows that the Boazes did not adequately offer evidence of any special damages they actually sustained, an essential element of their claim for slander of title.[4] See *Hicks v. McLain's Bldg. Materials*, 209 Ga. App. 191 (1) (433 SE2d 114) (1993) (generalized allegations that plaintiffs may have been hindered in obtaining credit as a result of defendant's conduct are insufficient to establish special damage); *Daniels v. Johnson*, 191 Ga. App. 70 (2) (381 SE2d 87) (1989) (insufficient proof of special damages where a lien "made us look bad"); *Harmon v. Cunard*, 190 Ga. App. 19 (378 SE2d 351) (1989) (insufficient proof of special damages where no specific figures offered for the damage allegedly suffered); *Ajouelo v. Auto-Soler Co.*, 61 Ga. App. 216 (6 SE2d 415) (1939) (where it is necessary to allege special damages, the particular loss or injury must be distinctly stated, and the ad damnum clause, that the plaintiff has been damaged in the amount of $25,000, is not the equivalent of such an averment).

The Boazes may not rest on general allegations in response to a motion for summary judgment, but must come forward with specific

---

[2] Although this question was not posed to the parties as being of particular interest to the Court, "the posing of questions in no way limits this Court in its decision-making authority. We have absolute discretion to address any portion or all of the case before us." *Cheeley v. Henderson*, 261 Ga. 498, 500 (405 SE2d 865) (1991) (on motion for reconsideration), overruled on other grounds in *Hewett v. Kalish*, 264 Ga. 183 (1) (442 SE2d 233) (1994).

[3] In addition, plaintiffs sought punitive damages and costs of litigation; however, costs of litigation and attorney fees do not constitute the special damages necessary to support an action for slander of title. *Sanders*, supra at 567.

[4] In his brief in support of the trial court's ruling, Latson made the argument that the Boazes failed to offer evidence of special damages to support their slander of title claim; the Court of Appeals, however, did not consider it. *Boaz*, supra.

facts to show there is a genuine issue for trial. *Lau's Corp.*, supra. Since they offered no evidence of special damages, an essential element of their claim for slander of title, the trial court correctly ruled that Latson was entitled to summary judgment as to that claim. "An appellate court in reviewing a lower court decision will look to the basic question, which is whether or not the judgment is valid as a matter of law; the reasons contained in the judgments are not controlling." *Adams v. Emory Univ. Clinic*, 179 Ga. App. 620, 621 (347 SE2d 670) (1986). It follows that the Court of Appeals should have affirmed the ruling of the trial court.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 28, 2004.

*Albert B. Wallace, Stephen B. Wallace II*, for appellants.
*John A. Roberts, Brandy C. Snyder*, for appellees.