S10A1725. AURORA LOAN SERVICES, LLC v. VEATCH et al.

(710 SE2d 744)

HINES, Justice.

In this quiet title action, the trial court entered a final order ruling that fee simple title to the subject property was vested in John Macelray Veatch ("Veatch"), as personal representative of the estate of Raymond Wesley Veatch, Jr., unencumbered by the security deed held by Aurora Loan Services, LLC ("Aurora"), and striking various deeds from the deed records of Fulton County. Aurora appeals, and for the reasons that follow, we affirm.

Elsie Veatch owned the subject property until her death in 1974; her sole heir was Raymond Wesley Veatch, Jr., Veatch's father, who died on March 20, 2006. After his death, two forged deeds were

recorded in the Fulton County deed records, purporting to convey title to the property to Antonio Simpson. One forged deed was styled "Quitclaim Deed," purportedly executed on May 19, 2006 by Elsie Veatch, who had then been dead for 32 years; this purported deed was recorded on October 17, 2006. The other purported deed was styled "Executors Deed," and was purportedly executed by Raymond Wesley Veatch, Jr., on March 15, 2006, a date on which he lay in a coma; it was recorded on November 6, 2006. After these forged deeds were executed and recorded, a warranty deed purportedly from Antonio Simpson to Darryl Matthews was recorded on November 8, 2006. Matthews then executed a security deed in favor of First Magnus Financial Corporation in connection with a loan for $187,500. The security deed was eventually assigned to Aurora.

On September 5, 2007, after Veatch discovered activity on the property and applied for, and was granted, letters of administration of the estate of Raymond Wesley Veatch, Jr., he filed in the Fulton County land records an affidavit stating that the Executor's and Quitclaim deeds were false. He then filed in the superior court the present petition to quiet title. OCGA § 23-3-40 et seq. The trial court appointed a Special Master who concluded that Aurora was a bona fide purchaser for value. See *Roop Grocery Co. v. Gentry*, 195 Ga. 736, 745 (1) (25 SE2d 705) (1943). However, the trial court disagreed, finding that there was record notice that the forged deeds were fraudulent, and that in any event, a forged deed is a nullity and cannot convey title.

The trial court is correct. Aurora's interest in the property is dependent upon the forged deeds made to Antonio Simpson. As the trial court noted, such a deed cannot convey title. "[A] forged deed is a nullity and vests no title in a grantee. [Cit.] As such, even a bona fide purchaser for value without notice of a forgery cannot acquire good title from a grantee in a forged deed, or those holding under such a grantee, because the grantee has no title to convey." *Brock v. Yale Mortgage Co.*, 287 Ga. 849, 852 (2) (700 SE2d 583) (2010). In that opinion, this Court specifically overruled prior precedent of this Court that extended "the bona fide purchaser for value doctrine to those acquiring title under a grantee in a forged deed." Id. at 853 (2). Accordingly, it is of no moment whether the deed records provided notice of the forgeries at the time Matthews executed the security deed on which Aurora bases its claim; there was simply no title held by Simpson, Matthews, First Magnus Financial Corporation, or any subsequent assignee. Id. Accord *Second Refuge Church &c. v. Lollar*, 282 Ga. 721, 726-727 (3) (653 SE2d 462) (2007). The trial court did not err in declaring title to be vested in Veatch, as personal representative of the estate of Raymond Wesley Veatch, Jr., unencumbered by the security deed held by Aurora.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*Kimberly A. Weber, Elizabeth A. George, Christine L. Patterson,* for appellant.

*Robinson & Blazer, John E. Robinson, Gregory H. Blazer, Coleman Talley, Annette K. McBrayer, Martin H. Clarke, Tennielle B. Bailey,* for appellees.