**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 26, 2015**

# In the Court of Appeals of Georgia

A14A2108. VEATCH v. AURORA LOAN SERVICES, LLC et al.

BRANCH, Judge.

In a previous action to quiet title, John M. Veatch ("Veatch" or the "Veatch Estate"), acting as the administrator of his father's estate, successfully established that someone had forged two deeds in order to transfer estate property to a person who used the property to secure a $187,700 loan. The trial court's decision to quiet title was affirmed by the Supreme Court. *Aurora Loan Svcs. v. Veatch*, 288 Ga. 808, 809 (710 SE2d 744) (2011). While the quiet title action was pending, Aurora Loan Services, LLC, with the assistance of McCalla Raymer, LLC, recorded in the Fulton County property records an assignment to Aurora of the secured party's interest in the $187,700 loan. After the Supreme Court upheld the decision to quiet title to the property in the estate, Veatch sued Aurora and McCalla, asserting that by recording

the assignment, they had slandered the title of the real property and wrongfully interfered with the estate's property rights. The trial court granted summary judgment to the defendants, and Veatch appeals. We affirm because Veatch has failed to present any evidence to establish special damages.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Walker v. Gwinnett Hosp. System*, 263 Ga. App. 554, 555 (588 SE2d 441) (2003) (citations and punctuation omitted). A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant. *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000). "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (citation omitted).

The facts, supplemented as shown, are set out in the Supreme Court's decision affirming the trial court's order striking the two forged deeds from the Fulton County Records and quieting title to the property in the estate:

Elsie Veatch owned the subject property until her death in 1974; her sole heir was Raymond Wesley Veatch, Jr., Veatch's father, who died on March 20, 2006. After his death, two forged deeds were recorded in the Fulton County deed records, purporting to convey title to the property to Antonio Simpson. One forged deed was styled "Quitclaim Deed," purportedly executed on May 19, 2006 by Elsie Veatch, who had then been dead for 32 years; this purported deed was recorded on October 17, 2006. The other purported deed was styled "Executors Deed," and was purportedly executed by Raymond Wesley Veatch, Jr., on March 15, 2006, a date on which he lay in a coma; it was recorded on November 6, 2006. After these forged deeds were executed and recorded, a warranty deed purportedly from Antonio Simpson to Darryl Matthews was recorded on November 8, 2006. [In May 2007,] Matthews then executed a security deed in favor of [MERS as the nominee of] First Magnus Financial Corporation in connection with a loan for $187,500. [On November 1, 2007, t]he security deed was . . . assigned to Aurora[, but the assignment was not recorded until April 9, 2009.]

[Meanwhile, o]n September 5, 2007, after Veatch discovered activity on the property and applied for, and was granted, letters of administration of the estate of Raymond Wesley Veatch, Jr., he filed in the Fulton County land records an affidavit stating that the Executor's and Quitclaim deeds were false. [On September 18, 2008, h]e then filed in the superior court [a] petition to quiet title [seeking to cancel the two forged deeds, the deed to Matthews, and the MERS security deed; Veatch also filed a lis pendens regarding the subject property]. OCGA § 23-3-40 et seq. [Although Aurora initially was not named as a party to

the quiet title action, Aurora was added as a defendant on April 1, 2009; nine days later, Aurora recorded the assignment of the security deed from MERS, which was drafted by McCalla.] The trial court appointed a Special Master who concluded that Aurora was a bona fide purchaser for value. See *Roop Grocery Co. v. Gentry*, 195 Ga. 736, 745 (1) (25 SE2d 705) (1943). However, the trial court disagreed, finding that there was record notice that the forged deeds were fraudulent, and that in any event, a forged deed is a nullity and cannot convey title.

*Aurora Loan Svcs.*, 288 Ga. at 809. On March 18, 2011, the Supreme Court affirmed the trial court's decision quieting title in the estate on the ground that a forged deed is a nullity and therefore the trial court did not err by quieting title to the property in the estate unencumbered by the security deed held by Aurora. Id. After the Supreme Court's decision, Veatch sold the subject property for $18,000.

One year later, Veatch filed suit against Aurora and McCalla alleging slander of title and interference with property rights, seeking damages, punitive damages, and attorney fees and expenses. Veatch alleged that as a result of the defendants' actions, Veatch was unable to convey clear title to the property from 2007 through when the Supreme Court affirmed the decision to quiet title and that the defendants therefore should be liable for the loss in value of the property during that time. Veatch moved for partial summary judgment on the issue of liability, and the defendants moved for

4

summary judgment on all of Veatch's claims. In December 2013, the trial court granted summary judgment in favor of Aurora and McCalla. Veatch now appeals.

1. Veatch contends the trial court erred by granting summary judgment to Aurora and McCalla on his claim of slander of title.[1] Veatch raised the claim of slander of title as follows:

> By recording the Aurora Assignment on the Fulton County Records, then consciously acting to maintain the existence of the invalid encumbrance on the Fulton County Records, Defendants knowingly and voluntarily published false and defamatory words against the Veatch Estate's title to the Veatch Property.

Veatch further alleged that as a result, the estate could not convey clear title to the subject property, or even attempt to sell it, until after the Supreme Court affirmed the trial court's decision to quiet title. Veatch claimed that as a result, the estate suffered special damages "by the loss in value of the slandered Veatch Property."

"The owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." OCGA § 51-9-11. "In order to sustain an action of this

---

[1] Veatch does not challenge the trial court's grant of summary judgment on Veatch's claim of interference with property, and therefore that claim is not before us.

kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." *Latson v. Boaz*, 278 Ga. 113, 114 (598 SE2d 485) (2004) (citations and punctuation omitted).

Pretermitting analysis of the other elements of proof, this case is controlled by Veatch's failure to raise an issue of fact regarding special damages. A plaintiff asserting a slander of title claim is entitled to "only such special damages as he actually sustained as a consequence of the wrongful acts, which damages must be pled and proven with particularity." *Sanders v. Brown*, 257 Ga. App. 566, 568 (571 SE2d 532) (2002). "Special damages are those which actually flow from a tortious act." OCGA § 51-12-2 (b). Generalized allegations of damages are insufficient to establish special damages. *Hicks v. McLain's Bldg. Materials*, 209 Ga. App. 191, 192 (1) (433 SE2d 114) (1993). Summary judgment in favor of a defendant in a slander of title action will be affirmed when the appellant fails to present proof of special damages in response to a motion for summary judgment that points out the absence of such evidence in the appellant's case. *Giles v. Swimmer*, 290 Ga. 650, 652 (2) (725 SE2d 220) (2012) (a slander of title case).

In their motions for summary judgment, the appellees claimed that there was no evidence of special damages to support Veatch's claim. In response, Veatch points to his verified answers to interrogatories in which he made the following assertions of damage resulting from the alleged slander of title: (1) the estate was unable to take action to sell the property before March 18, 2011, the date of the Supreme Court's decision in the quiet title action; (2) beginning in June 2011, the estate took steps to sell the property and received two offers before entering into an agreement to sell on August 29, 2011 for a price of $18,000; (3) the price obtained was "consistent with other nearby listings"; and (4) Veatch accepted that price based on an evaluation of the depressed market conditions and the unlikelihood that conditions would improve in the "foreseeable future." In his briefs, Veatch suggests that the estate was damaged by the difference in the amount of the 2007 loan, $187,700, that was obtained based on the forged deeds, and the ultimate price that Veatch was able to obtain for the property in 2011, $18,000. This evidence is insufficient to raise an issue of fact regarding special damages.

First, a claim of slander of title "accrues when the false, slanderous, and malicious words impugning the title of the person's land are first published, causing special damages." *Sanders*, 257 Ga. App. at 567-568 (citation omitted). Thus, the

7

time frame for assessing damages runs from April 9, 2009, the date the assignment was recorded, to March 18, 2011, the date of the Supreme Court's decision. Accordingly, the amount of the loan obtained in May 2007 is not relevant to a determination of damages. Second, Veatch has not brought forth any facts regarding the value of the property at any time between April 2009 and March 2011 nor shown how the value of the property during that period suffered from the fact that the relevant assignment was recorded. This utter failure to show specific figures to support the claim of damages is fatal to the claim of slander of title. *Harmon v. Cunard*, 190 Ga. App. 19 (378 SE2d 351) (1989); *Giles*, 290 Ga. at 652-653 (2). In *Harmon*, the plaintiff alleged slander of title and asserted that by recording a false lien on her property, the defendants had "prevented her from obtaining funds necessary to complete her house and prevented her from selling her house, without offering *specific figures* for the damage allegedly suffered." Id. at 20 (emphasis supplied). This Court noted that during the trial, following which the jury returned a judgment in her favor, the plaintiff did not "testify to or otherwise prove any special damages actually sustained in this regard." Id. Accordingly, this Court affirmed the trial court's grant of judgment notwithstanding the verdict. Id. Here, Veatch failed to offer any specific figures to show special damage resulting from the defendants'

8

actions at the relevant times. Thus, the trial court did not err by granting summary judgment on the claim of slander of title. See, e.g., *M & M Mtg. Co. v. Grantville Mill*, 302 Ga. App. 46, 50 (3) (690 SE2d 630) (2010) ("General evidence that the lien hindered [party's] ability to obtain a loan was also insufficient to establish special damages.") (citations omitted); *Bell v. King, Phipps & Assoc., P.C.*, 176 Ga. App. 702, 704 (1) (b) (337 SE2d 364) (1985) (evidence of a decline in property value over the relevant period of time is insufficient without evidence that the value of the property was affected by the allegedly slanderous lien).

Veatch's assertion that he was damaged by having to litigate the quiet title action is also without merit. Costs of litigation and attorney fees "do not constitute the special damages necessary to support [a claim of slander of title.]" *Sanders*, 257 Ga. App. at 568 (citation omitted); *M & M Mtg.*, 302 Ga. App. at 50 (3) (attorney fees necessary to remove allegedly slanderous lien in prior proceeding did not constitute special damages); *Bell*, 176 Ga. App. at 704 ("The expenses of defending a lawsuit do not constitute special damages.") (citation omitted).

Because Veatch failed to present any evidence of special damages in response to the motions for summary judgment, the trial court correctly granted summary judgment on Veatch's claim of slander of title.

2. Because Veatch's claims for punitive damages and attorney fees are derivative of his claim for slander of title, the trial court also did not err by granting summary judgment on those claims. See *Green v. Flanagan*, 317 Ga. App. 152, 156 (1) (730 SE2d 161) (2012); *Canton Plaza v. Regions Bank*, 315 Ga. App. 303, 308 (1) (b) (732 SE2d 449) (2012).

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur*.