WAYCROSS OPERA HOUSE CO. *v.* SOSSMAN & LANDIS.

Scenery and other articles constituting the stage and scenic outfit of
an opera house are part and parcel of the edifice as such, the same
being essential to the completeness of a building of that class.
This being so, the furnishing of such outfit, or of the materials
composing the same, is furnishing material for the improvement
of real estate, and the person by whom such furnishing is done is
entitled to a lien upon the opera house and premises, under the
provisions of section 1979 of the code.

April 30, 1894. Argued at the last term.

Foreclosure of lien. Before Judge SMITH. Ware
superior court. April term, 1893.

JOHN C. McDONALD, for plaintiff in error.
HITCH & MYERS, *contra.*

LUMPKIN, Justice.

Section 1979 of the code gives to persons furnishing
material for the improvement of real estate a special
lien upon the real estate itself. The only question pre-
sented in this case is, whether or not scenery and various
other articles constituting the stage and scenic outfit of
an opera house are such things as may be properly
classed as material for its improvement. In a strict
sense, these articles, or some of them, may not be fix-
tures; but they are nevertheless essential to the com-
pleteness of a building of that kind. They necessarily
form a part and parcel of the edifice itself. A dwelling-
house may be absolutely complete and perfect as a build-
ing without a single article of furniture in it; and al-
though the ordinary articles of household furniture, such
as beds, chairs, tables, carpets, draperies, and the like,
may be indispensable to the comfortable use and enjoy-
ment of a house as a dwelling, they are in no sense a
part of the building itself. By a mere sale of the house,
they never pass, but are, when sold, the subject-matters
of special contract. This, we apprehend, is not true as

to the furnishings and fittings of an opera house stage. These things usually pass with a sale or lease of the building, without express stipulation. No one would ordinarily consider household furniture and belongings as a part of the premises, but every one would naturally regard the drop-curtain, wings, borders, set-houses, set-trees, balustrades, etc., as being parts of an opera house edifice. These things usually remain permanently in the house where they are first set up, and are not moved about as furniture is from house to house when the owners change their places of abode. It is true, perhaps, that some traveling theatrical companies carry with them special scenery to more properly and advantageously set off particular plays, but this is the exception to the general rule, and in such instances the permanent outfit of the house is only temporarily displaced. We therefore find little difficulty in reaching the conclusion that the articles furnished by the plaintiffs in the present case were properly considered by the trial judge as being in the nature of material furnished for the improvement of the real estate, and consequently, he was right in holding that the plaintiffs were entitled to a lien for the value of the same upon the opera house and premises.

In Tennessee, under a statute which is, in substance, the same in the respect indicated as section 1979 of our code, decisions were made in the cases of Grewar *et al.* *v.* Alloway, 3 Tenn. Ch. 584, and Halley *et al. v.* Alloway, 10 Lea, 523, which are precisely in point, and sustain the ruling now made.          *Judgment reversed.*