## 53423. GRAND ATLANTA CORPORATION v. CHENGGIS et al.

Smith, Judge.

This is an appeal from the grant of a judgment on the pleadings in favor of the defendants, a firm of attorneys at law, in an action by their client, a building contractor, seeking damages for the alleged failure of the attorneys to file a lis pendens notice pursuant to the Act of 1939, pp. 345, 346 (Code Ann. §§ 67-2801 through 67-2804) in Bibb County, Georgia, where the improved real estate was located. Plaintiff brought the action in the State Court of Cobb County, against the party with whom the builder contracted. The complaint alleges compliance by the contractor with the requirements of Code § 67-2002, in that he (a) had complied substantially with his contract, (b) had filed for record his claim of lien within 3 months after the last work on the job, and (c) had brought an action in the State Court of Cobb County, to recover the amount of his claim during the same month he recorded

his lien. The complaint further alleged various conveyances changing the ownership of the property during the time the work was being done and thereafter and the placing of other liens on the property in the form of security deeds. *Held:*

In our opinion the trial judge was correct in granting the motion for judgment on the pleadings. The failure to file a lis pendens notice in Bibb County as to the action in Cobb County has no effect on the right, or lack of right, of complainant to a contractor's lien against the property in Bibb County. A notice of a claim for lien properly and timely filed and recorded in Bibb County performed the function of notifying all parties of the claim of lien, and a notice of lis pendens under the Act of 1939 was neither necessary nor applicable. That the execution issued on the judgment obtained against the party with whom the builder contracted, in the State Court of Cobb County, Georgia, was returned with an entry of nulla bona thereon by the levying officer in Bibb County, Georgia does not preclude the enforcement of the contractor's lien, upon a proper and timely action to foreclose the same.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED MAY 24, 1977.

*Oehlert, Kermish, Labovitz, Marcus & Brazier, Benjamin H. Oehlert, III, Robert G. Brazier,* for appellant. *T. M. Smith, Jr., Robert G. Tanner,* for appellees.