61410, 61411. SKANDIA DRAPERIES MANUFACTURING COMPANY v. AUGUSTA INNKEEPERS, LTD.; and vice versa.

BANKE, Judge.
This is an action by Skandia Draperies Manufacturing Company to foreclose a materialman's lien against certain real property owned by defendant Augusta Innkeeper's Ltd. The defendant operates a motel on the property. Skandia furnished several thousands of dollars worth of draperies and bedspreads to a contractor for use in renovating the motel, and the contractor failed to make payment. The trial court ruled that Skandia had complied with all of the technical prerequisites for the foreclosure of a materialman's lien but granted summary judgment to the defendant on the ground that the draperies and bedspreads were not lienable items. Skandia appeals the grant of the summary judgment; and the defendant cross appeals, contending that, even if the items were lienable, the summary judgment was nevertheless proper because Skandia did not provide adequate notice of its lawsuit against the contractor. *Held:*

1. Pursuant to Code Ann. § 67-2001 (1), a special lien on real estate is granted to "persons furnishing material for the improvement" of such real estate. "[M]aterial for the improvement of real estate" means "something that goes into and becomes a part of

the finished structure, such as lumber, nails, glass, hardware, etc., which is necessary to the completion of the building, — the object of the lien statutes being to secure a lien for that which goes into the structure. [Cits.]" *D. H. Overmyer &c. Co. v. W. C. Caye & Co.,* 116 Ga. App. 128, 130 (157 SE2d 68) (1967). "The right to the lien proceeds upon the theory that the work and material or machinery for which the lien is sought have increased the value of the realty by becoming a part thereof. In other words, in order to render real property subject to foreclosure for material supplied, it must appear that the articles alleged to be lienable have become fixtures. Accordingly, the furnishing of chattels used as loose, movable articles will not entitle a person to a lien, even though they were furnished under a contract which included materials for the construction of the building in which they are used." 53 AmJur2d 622-623, Mechanics' Liens, § 108.

The defendant in this case submitted an affidavit stating that "all [the] draperies are fully removable, and are not attached to any of said improvements in any way other than by the normal curtain rod and hook method, and that all of the bedspreads are of the ordinary type and in no way attached to anything." Skandia does not dispute this assertion. Accordingly, we must agree with the trial court that the draperies and spreads could not be construed as part of the realty and thus that they did not become lienable items.

The case of *Waycross Opera House Co. v. Sossman & Landis,* 94 Ga. 100 (20 SE 252) (1894), cited by Skandia, does not require a different result. There, the court held that scenery and other articles constituting the stage and scenic apparatus of an opera house were lienable items because they constituted "part and parcel of the edifice itself" and were "essential to the completeness of a building of that kind." Those items, however, were evidently large and cumbersome ones, "not intended to be moved about from place to place, but to be permanently used with the building. . ." *Brigham v. Overstreet,* 128 Ga. 447, 450 (57 SE 484) (1907), citing *Waycross Opera House Co.,* supra. The items at issue here, by contrast, are not large or cumbersome and are easily movable.

2. In view of our conclusion that the materials furnished by Skandia were not lienable, we need not reach the issue raised in the cross appeal concerning Skandia's alleged failure to perfect its right to foreclosure.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 29, 1981.

*Warren D. Evans,* for appellant.
*John D. Capers, Charles C. Stebbins III,* for appellee.