A89A0554. ANTONONE v. ATLANTIC MUTUAL FIRE INSURANCE COMPANY.
(382 SE2d 126)

BANKE, Presiding Judge.

The appellant owns certain rental property which was damaged by fire. The property was insured against such damage by the appellee insurance company. The appellant retained Zeno Moore Construction Company to repair the damage, executing, on February 3, 1986, an authorization printed on that company's letterhead stating: "I . . . authorize the insurance company to pay Zeno Moore Construction Company direct. If for any reason the check for payment should come to me . . . , I . . . hereby agree to pay Zeno Moore Construction Company immediately upon receipt of the check from the insurance company. It has been made clear to me . . . that Zeno Moore Construction is working for me . . . and not the insurance company or the adjuster."

On March 21, 1986, the appellant signed a sworn "proof of loss" statement, making claim against the appellee insurance company for $19,869.88 in benefits as full compensation for the damage to the property. By check dated March 25, 1986, the appellee paid Zeno Moore Construction Company precisely this amount. The appellant subsequently filed the present action against the appellee, alleging that it had breached the terms of the policy by paying the contractor directly and by failing to obtain his approval of the repair work before paying the contractor. He further alleged that his policy had been improperly cancelled by the company after the occurrence of the fire loss. The trial court granted summary judgment to the insurer

with respect to each of these claims; and, acting pro se, the appellant filed the present appeal. *Held*:

1. The appellant contends that the appellee breached the authorization which he (the appellant) had executed in favor of the contractor by failing to supervise, certify, or inspect the contractor's work to make sure it had been performed properly. The trial court properly determined that the document in question imposed no such obligation on the appellee.

2. The appellant's second enumeration of error concerns an alleged failure of communication either between himself and his attorneys or between his attorneys and the trial court, concerning the fact that the appellee had not cancelled the insurance policy but rather had simply failed to renew it. As this matter does not involve any ruling by the trial court, it presents nothing for review on appeal. See generally *Isaacson v. House*, 216 Ga. 698, 699 (2) (119 SE2d 113) (1961).

3. To the extent that the appellant's third enumeration of error reflects a contention that he did not sign the proof of loss, it is directly negated by the uncontroverted evidence of record, including his own testimony. To the extent that this enumeration of error concerns another asserted misunderstanding or miscommunication between himself and his attorneys, it presents nothing for review for the reason stated in Division 2, supra.

4. The appellee has moved the court to impose a penalty against the appellant pursuant to Rule 26 (b) of this court for filing a frivolous appeal. While the issue was not directly presented by any of his enumerations of error, we find at least arguable merit to the assertion made by the appellant in the trial court that the insurance company was under a duty to obtain his approval of the manner in which the work had been performed before paying the contractor. Accordingly, being reluctant to penalize a pro se litigant for what may have been a deficiency in his brief rather than a deficiency in the merits of his case in the court below, we deny the motion for damages.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 17, 1989 —
REHEARING DISMISSED MAY 5, 1989.

Angelo A. Antonone, *pro se*.
J. Scott Vaughan, Kenneth L. Royal, for appellee.