A93A0732. BURKS et al. v. FIRST UNION MORTGAGE
CORPORATION.
(432 SE2d 822)

BLACKBURN, Judge.

The appellee, First Union Mortgage Corporation, filed the instant dispossessory action against the appellant, Geanne Burks, "and others," as a result of the appellant's refusal to vacate appellee's property following a foreclosure sale. The appellant responded, asserting that the foreclosure was improperly conducted based upon the automatic stay provisions of 11 USC § 362. The appellant also asserted a counterclaim for malicious prosecution. After a bench trial, the trial court denied the appellant's counterclaim and granted judgment in favor of the appellee on the writ of possession, ordering the appellant to vacate the premises. This appeal followed.

1. In her first enumeration of error, the appellant contends that the trial court erred in failing to include findings of fact and conclusions of law in the final judgment. However, the record does not show that the appellant requested that the trial court include specific findings of fact and conclusions of law in its order prior to the issuance of the order. "[I]n all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law." OCGA § 9-11-52 (a). Inasmuch as the appellant did not comply with the statutory requirements, this enumeration is without merit.

2. In her second enumeration of error, the appellant contends that the trial court erred in entering judgment in favor of the appellee in light of the bankruptcy stay. However, the record does not include any documentation indicating that the appellant has filed a petition for bankruptcy protection and that the trial court's order is in violation of a bankruptcy automatic stay. As this court has held in *Dept. of Human Resources v. Corbin*, 202 Ga. App. 10, 11 (413 SE2d 484)

(1991), " '[t]he burden is on the appellant to show error by the record, and when a portion of the evidence . . . bearing upon the issues raised by the enumerations of error, is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. (Cits.)' [Cit.]" Although the appellee has attached documentation to its brief concerning the bankruptcy, " '[t]he burden is on him who asserts error to show it affirmatively by the record (cit.). [A] brief cannot be used in lieu of the record for adding evidence. . . .' [Cit.]" *Gurly v. Hinson*, 194 Ga. App. 673, 674 (4) (391 SE2d 483) (1990). Accordingly, this enumeration is also without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 11, 1993.

Geanne Burks, *pro se.*
*W. Barrington King, Jr.,* for appellee.