## A94A0267. BERTONE v. WILKINSON.
(444 SE2d 576)

POPE, Chief Judge.

This appeal concerns whether the trial court correctly held that OCGA § 9-2-61 is not applicable to third-party complaints and correctly dismissed plaintiff Lewis Bertone's complaint filed against defendant Rick Wilkinson, which was filed within six months after Bertone dismissed his third-party complaint against Wilkinson in a separate but related suit. In this action, Bertone seeks damages for personal injuries he allegedly suffered when, after an altercation between Bertone and Wilkinson's friend (the plaintiff in the original action) had subsided, Wilkinson attacked and injured Bertone. It is undisputed that Bertone's third-party action was timely filed, but that Bertone's complaint seeking damages for personal injuries against

Wilkinson is only timely if it is subject to the renewal provisions set forth in OCGA § 9-2-61.

We do not agree with the trial court's holding that a dismissed third-party complaint may never be renewed. OCGA § 9-2-61 (a) allows a "plaintiff" to renew his case after dismissal without prejudice. Certainly a defendant who filed a third-party complaint is a "plaintiff" for purposes of that third-party action as much as a defendant who filed a counterclaim is a "plaintiff" for purposes of the counterclaim. See *Cale v. Jones*, 176 Ga. App. 865 (1) (338 SE2d 68) (1985) (holding counterclaims are subject to renewal). Indeed, our legislature has evidenced their intent that third-party actions should be subject to the renewal statute by specifically providing in OCGA § 9-11-41 (c) that third-party claims are subject to that statute, which provides for dismissals of actions and their recommencement within six months. Moreover, the trial court's order is erroneous to the extent it suggests that a different style of the case means it is not the renewal of the same cause of action. That reasoning has been rejected by our Supreme Court which held: "If the cause of action is the same in both cases; *if by the same party or his legal representative, and against a person from whom relief was prayed in the first suit, the second action may be renewed.*" (Emphasis supplied.) *Cox v. Strickland*, 120 Ga. 104, 110 (47 SE 912) (1904).

However, our holding that OCGA § 9-2-61 is applicable to third-party complaints does not end our inquiry in this case. It is well-settled that while a renewal action is not required to be identical to the first action, "the substantial rights of the plaintiff, or liability of the defendant to him or to one another, can not be enlarged beyond that indicated by the pleadings in the first case." Id. The trial court found that the third-party complaint filed by Bertone in the related action was sufficient only to give Wilkinson notice of a claim for contribution and indemnification of any damages that Bertone was found to be liable to the plaintiff in the original action. Bertone, the appellant herein, did not make that pleading available for review by this court. Accordingly, we must assume that the trial court correctly held that the third-party complaint in the related suit was only sufficient to put Wilkinson on notice of claims for contribution and indemnification and did not put him on notice of a claim for personal injuries within the applicable two-year statute of limitation. Accordingly, the judgment of the trial court that the statute of limitation has run on any claim by Bertone for personal injuries against Wilkinson must be affirmed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration Bertone argues that this court had a duty to have the record on appeal amended to include the third-party complaint in question. Although the appellant has a duty to show error in the record, the clerk of this court made inquiry concerning whether the Clerk of the State Court of Cobb County had forwarded the full record to this court as requested in the notice of appeal. After being assured the full record was before this court, we issued our opinion.

Attached to Bertone's brief in support of his motion for reconsideration is a copy of the third-party complaint. We note that due to the styling of the complaint it was assigned another civil action number and presumably was never made a part of the record in this case. "The burden is on him who asserts error to show it affirmatively by the record. A brief cannot be used in lieu of the record for adding evidence." (Citations and punctuation omitted.) *Burks v. First Union Mtg. Corp.*, 209 Ga. App. 41, 42 (432 SE2d 822) (1993). As the third-party complaint is not properly before this court, we cannot consider it, and we must affirm the trial court's findings concerning that document. Id.

DECIDED APRIL 11, 1994 —
RECONSIDERATION DENIED MAY 18, 1994 — 

*Steven M. Youngelson, J. Andrew Ziolo*, for appellant.
*Bovis, Kyle & Burch, Charles M. McDaniel, Jr.*, for appellee.