## S96G0341. WARNOCK v. DAVIS.
(478 SE2d 124)

CARLEY, Justice.

Paula Davis sued her mother Delora Warnock for conversion and for an implied trust. A jury found for Davis and the Court of Appeals affirmed in an unreported opinion and imposed a frivolous appeal penalty on Warnock. *Warnock v. Davis*, 218 Ga. App. XXVII (1995). This Court granted Warnock's petition for certiorari to consider two issues: (1) a parent's liability for funds received on behalf of a minor child and (2) the issue of imposition of sanctions under OCGA § 5-6-6.

In 1982 Warnock received a wrongful death settlement from the death of Alton Warnock, who was her husband and Davis' father. Warnock did not set any portion aside for Davis. After Davis reached majority, she sued Warnock to recover one-third of the settlement amount. A jury found for Davis and awarded her $130,896.50.

1. The legislature amended OCGA § 51-4-2 in 1993 to expressly require that a parent or guardian who obtains a wrongful death award over $15,000 for the benefit of a minor child place the award in trust and post a bond. In light of this intervening legislative enactment, a discussion of the pre-1993 law would serve no purpose in this case. However, after reviewing the law and the record, we agree with the Court of Appeals that the jury verdict in favor of Davis must be affirmed.

2. The issue of the imposition of frivolous appeal sanctions under OCGA § 5-6-6 is an on-going concern of the appellate courts of this state. This statute authorizes the imposition of a ten percent penalty if, in the opinion of the appellate court, "the case was taken up for delay only . . . ." "Where . . . the court is not fully satisfied that the cause was taken up for delay only, additional damages will not be awarded under the provisions of [OCGA § 5-6-6]." *Rackard v. Merritt*, 114 Ga. App. 743, 744 (2) (152 SE2d 701) (1966). In awarding the statutory penalty in this case, the Court of Appeals made *no* finding that Mrs. Warnock pursued the appeal "for delay only." The damages which an appellate court may assess for frivolous appeal "are in the nature of a penalty, and will not be awarded in any case unless it is clearly apparent that it was brought up for delay only; and they are never assessed in doubtful cases. [Cits.]" *Lipton v. Lipton*, 211 Ga. 442, 446 (3) (86 SE2d 299) (1955).

The statutory penalty is an additional damage award against a *party* and is not jointly levied against counsel. Therefore, the record must clearly reflect that the *party* pursued the appeal for delay only. The record in this case does not support such a finding. Where lawyers before the appellate courts make patently frivolous arguments, the courts may sanction such conduct under the courts' own rules. See Sup. Ct. R. 14; Ct. of App. R. 7. Because the record does not sup-

port the imposition of the ten percent statutory sanction in this case, we reverse that portion of the Court of Appeals opinion.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 25, 1996.

*Richard D. Phillips,* for appellant.
*Salter & Shook, Mitchell M. Shook, Jason A. Craig,* for appellee.