## A97A0799. STAMEY v. THE STATE.
(487 SE2d 652)

JOHNSON, Judge.

Ray Stamey files this pro se appeal from the trial court's denial of his extraordinary motion for new trial. Stamey argues he filed a motion to have personal property which was used as evidence in his trial returned to him, and did not "enter pleadings" for an extraordinary motion for new trial. He contends that the trial court erroneously ruled on an issue not presented and entered the order when the time for ruling on the motion for return of property had expired.

1. The trial court did not rule on an issue not presented. The record transmitted from the trial court does not include a motion for return of personal property. Although Stamey has attached a copy of a motion for return of property to his brief, the attachment is not part of the record and cannot be considered. See *Bertone v. Wilkinson,* 213 Ga. App. 255, 257 (444 SE2d 576) (1994). Contrary to Stamey's assertion, the record does contain an extraordinary motion for new trial bearing his signature. Therefore, the court ruled on an issue properly before it.

2. The trial court did not abuse its discretion in denying Stamey's extraordinary motion for new trial. Because his extraordinary motion for new trial was based upon newly discovered evidence, Stamey was required to satisfy all six requirements of *Timberlake v. State,* 246 Ga. 488, 491 (1) (271 SE2d 792) (1980), as to the proffered evidence. Failure to satisfy any one of these requirements is sufficient to deny an extraordinary motion for new trial. *Datz v. State,* 210 Ga. App. 517 (2) (436 SE2d 506) (1993). In his motion, Stamey simply restated the requirements set forth in *Timberlake.* He did nothing to *satisfy* the criteria. He did not identify the newly discovered evidence or attach a witness affidavit to the motion or account for its absence. Under these circumstances, the trial court did not abuse its discretion by denying the motion. See generally *Merka v. State,* 201 Ga. App. 471, 472 (2) (411 SE2d 357) (1991).

3. Stamey's argument that the trial court was not authorized to enter an order on the extraordinary motion for new trial after the time for ruling on the motion for return of property expired is without merit. Furthermore, any issues raised regarding the motion for

return of property are, for the reasons discussed in Division 1, not properly before us.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JUNE 10, 1997 —
RECONSIDERATION DENIED JUNE 19, 1997 — 

Ray H. Stamey, *pro se.*
*David McDade, District Attorney*, for appellee.