A99A2079. GARRETT v. McDOWELL.

(527 SE2d 918)

ELDRIDGE, Judge.

This appeal arises from a dispossessory action filed by the plaintiff-landlord, Imogene B. McDowell, against the defendant-tenant, James A. Garrett. After a bench trial, the trial court entered judgment in favor of plaintiff, and defendant appeals.

1. Defendant, who is pro se, asserts several enumerations of error which require the consideration of the evidence heard by the trial court. However, no transcript of the proceeding is present in the record before us.

It is well-settled law that without a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. It is the burden of the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review.

(Citations and punctuation omitted.) *Jones v. State*, 226 Ga. App. 608, 609 (487 SE2d 89) (1997). Although the defendant has attached documentation to his brief concerning repairs he made to the property, "[a] brief cannot be used in lieu of the record for adding evidence." (Citations and punctuation omitted.) *Burks v. First Union Mtg. Corp.*, 209 Ga. App. 41, 42 (432 SE2d 822) (1993). "Where no transcript of evidence is filed all grounds requiring a consideration of evidence must be affirmed." (Citations and punctuation omitted.) *Prada v. Small Business Admin.*, 208 Ga. App. 710 (432 SE2d 274) (1993).

2. Defendant also contends that additional evidence existed that he was not allowed to present at trial. However, in his appellate brief, defendant does not state what additional evidence he wanted to present. Further, the record does not show any ruling by the trial court excluding any evidence. "Because we do not have a ruling from the trial court regarding this issue, there is nothing for us to review. [Cit.]" *Meyer v. Super Discount Markets*, 231 Ga. App. 763, 768 (501 SE2d 2) (1998).

3. In two enumerations of error, the defendant claims that the trial court erred in not considering that, in a previous dispossessory action filed by the plaintiff, she alleged that a lesser amount of rent was due through October 1998. However, in the trial court's judgment, the following findings of fact were made:

The plaintiff filed a previous dispossessory action, through counsel, which alleged the unpaid rent through October 1998, was $25,767. It was dismissed without prejudice. Accordingly, although the plaintiff's records reflected a balance of $41,125.00 unpaid rent through November 1998, the court finds the unpaid rent to be $26,617.00 through November 1998.

In entering judgment, the trial court obviously took into consideration that, in plaintiff's previously dismissed action, she stated that a lesser amount of rent was due through October 1998 than she claimed in this action. Accordingly, this enumeration is without merit.

4. Appellee moves for damages for frivolous appeal pursuant to OCGA § 5-6-6, which provides that "[w]hen in the opinion of the court the case was taken up for delay only, 10 percent damages may be awarded by the appellate court upon any judgment for a sum certain which has been affirmed." Judgment was entered by the trial court in the amount of $26,946.04 plus court costs. Further, it appears to this court that all of the issues raised by appellant are without arguable merit and were pursued for delay only. See *Warnock v. Davis*, 267 Ga.

336 (478 SE2d 124) (1996); *Yoh v. Daniel*, 230 Ga. App. 640 (497 SE2d 392) (1998). Therefore, appellee's motion for ten percent damages for frivolous appeal is granted. The clerk is directed to enter ten percent damages upon remittitur.

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs in the opinion and dissents to the order granting damages for frivolous appeal.*

BARNES, Judge, concurring in part and dissenting in part.

I concur fully in Divisions 1, 2 and 3 of the majority opinion. I respectfully dissent to Division 4 because frivolous appeal penalties should not be assessed against the pro se appellant in this case. We find no merit in his appeal based, in part, on the absence of a transcript of the proceedings in the court below. Since we found no merit in some of his asserted errors as a result of a deficiency in the record and not the merits of these asserted errors, we should not impose a frivolous appeal penalty on this pro se litigant. See *Antonone v. Atlantic Mut. Fire Ins. Co.*, 191 Ga. App. 457, 458 (4) (382 SE2d 126) (1989); *Bhatia v. West Cash &c. of Savannah*, 157 Ga. App. 145, 146 (276 SE2d 656) (1981).

DECIDED JANUARY 14, 2000 —
RECONSIDERATION DENIED JANUARY 26, 2000 — 

James A. Garrett, *pro se*.
*David U. Crosby*, for appellee.