## A03A0793. AMADOR v. THOMAS.
(578 SE2d 537)

PHIPPS, Judge.

This case began as a quia timet (quiet title) action by a property owner, Jeffrey Thomas, against two materialman's lien claimants, Rodney Amador and James Taylor. After Amador and Taylor cancelled their liens, Thomas's claim against them for defamation of title remained pending, as did their counterclaims for breach of contract and fraud. Amador appeals final judgment entered on a jury verdict in Thomas's favor. Finding that the trial court erred when it answered a question from the jury, we reverse.

Thomas owns improved residential property on which Amador and Taylor filed claims of materialman's liens in the respective amounts of $64,822.20 and $8,750. To obtain cancellation of the liens, Thomas filed the petition to quiet title. Thomas claimed that, contrary to the requirements of OCGA § 44-14-361.1 (a) (2), the liens had not been filed within three months after the completion of work and that copies of the claims of lien had not been sent to him by registered or certified mail, or by statutory overnight delivery; that the defendants had been paid the reasonable or contractual value for the work they performed; and that he, therefore, did not owe the amounts claimed.

Thomas complained that the claims of lien had created a cloud on his title to the property and had prevented him from selling the property to a third party who had contracted to buy it. Thomas asked that a special master be appointed pursuant to OCGA § 23-3-63, that the liens be cancelled, and that he be awarded attorney fees and appropriate additional relief.

A special master was promptly appointed. Amador and Taylor later filed an answer, defenses, counterclaim, demand for jury trial, and notice of lis pendens. In Counts 1 and 2 of the counterclaim, they sought damages for fraud and breach of contract. They claimed that Thomas had entered into a partnership agreement with Amador, a contractor, under which Thomas was supposed to have taken title to the property on behalf of both himself and Amador in consideration of Amador's provision of project management, construction, and

remodeling services for the property at a reduced price; that Thomas breached the agreement without ever having had any intention to perform it; that, with Thomas's knowledge, Amador hired Taylor as a subcontractor on the project; and that Thomas had also refused to pay Taylor for work performed. Count 3 of the counterclaim sought partitioning of the property, and Count 4 sought foreclosure of the materialman's liens.

On the date set for the hearing before the special master, Amador and Taylor cancelled their notice of lis pendens and liens, and dismissed Counts 3 and 4 of their counterclaim. Over their objection, the special master nonetheless conducted a hearing. Following the hearing, the special master filed a report finding that neither Amador nor Taylor had a proper factual or legal basis for filing the lien claims. As to Taylor, this finding was based on the striking of his answer due to its untimeliness. As to Amador, the finding was based on his testimonial admission that he had supplied no more than $8,500 in labor and material for improvement of the property, and that the remainder of his claim represented sums to which he claimed entitlement under his and Thomas's partnership agreement. The special master therefore concluded that Thomas holds unrestricted fee simple title to the property and that the property is not subject to either materialman's lien. Over objection by Amador and Taylor, the court later entered an order adopting these aspects of the special master's report.

At a later jury trial, the question of whether the liens had been properly filed was nonetheless submitted to the jury, along with questions relating to damages, breach of contract, and fraud. At trial, Amador admitted that, as a contractor, he had only provided $8,500 in labor and material to the property. The jury returned a verdict awarding Thomas $15,973 against Amador and $2,493 against Taylor, and awarding Amador $4,000 against Thomas on Amador's counterclaim. The court entered final judgment accordingly.

1. Amador contends that the trial court erred in: (1) allowing the special master to conduct a hearing after he and Taylor cancelled their liens, (2) adopting the special master's report, and (3) allowing Thomas to rely upon the report at trial.

The trial transcript reflects that although the court by pretrial order adopted the special master's conclusion concerning the invalidity of defendants' materialman's liens, it let the jury decide this issue anew. Amador's citations to the transcript do not support his claim that Thomas utilized the special master's report at trial. Therefore, even if the trial court did err in allowing the special master to hold the hearing and in adopting the special master's report, Amador has

not carried his burden of showing by the record that he was harmed by these errors at trial.[1]

2. Amador contends that the court erred in answering a question from the jury.

During deliberations, the jury inquired of the court whether a lien is rendered illegal if the claimant fails to follow rules such as the one requiring that notice of a lien claim be given to the owner of the property by registered or certified mail. In response, the court informed the jury that violation of such a rule renders the lien invalid and makes the claimant liable for damages. In so answering the jury's question, the court erred.

In Georgia, there is no tort for the wrongful filing of a claim of materialman's or mechanic's lien.[2] Where a materialman's or mechanic's lien is improperly filed, the cause of action, if any, is for defamation concerning land under OCGA § 51-9-11.[3] " 'In order to sustain an action of this kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered.' [Cits.]"[4] Consequently, the court erred in instructing the jury that failure to provide the property owner with statutory notice renders the lien claimant liable for damages.

3. Amador complains of the trial court's refusal to give a jury instruction on privileged communications under OCGA § 51-5-7 (3).

"This statute provides a privilege for 'statements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned.' "[5]

> "To make the defense of privilege complete, in an action of slander, or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying on the privilege." [Cit.][6]

---

[1] See generally *Garrett v. McDowell*, 242 Ga. App. 78 (1) (527 SE2d 918) (2000).

[2] See *Hicks v. McLain's Bldg. Materials*, 209 Ga. App. 191, 192 (1) (433 SE2d 114) (1993).

[3] Id.

[4] (Emphasis omitted.) *Daniels v. Johnson*, 191 Ga. App. 70, 73 (2) (381 SE2d 87) (1989).

[5] *Second Continental v. Atlanta E-Z Builders*, 237 Ga. App. 304, 306 (3) (514 SE2d 846) (1999).

[6] *Veazy v. Blair*, 86 Ga. App. 721, 724 (1) (72 SE2d 481) (1952).

Undisputably, Amador's claim of lien was not properly limited in scope.

> Pursuant to [OCGA § 44-14-361], a special lien on real estate is granted to "persons furnishing material for the improvement" of such real estate. "(M)aterial for the improvement of real estate" means "something that goes into and becomes a part of the finished structure, such as lumber, nails, glass, hardware, etc., which is necessary to the completion of the building, — the object of the lien statutes being to secure a lien for that which goes into the structure. (Cits.)" [Cit.] "The right to the lien proceeds upon the theory that the work and material or machinery for which the lien is sought have increased the value of the realty by becoming a part thereof. . . ." [Cit.][7]

Amador filed a claim of lien for over $64,000 even though he admittedly supplied only $8,500 in labor and materials for improvement of the premises. Consequently, the court did not err in refusing to instruct the jury on Amador's claim of privilege under the statute.

For the reasons given in Division 2, the judgment is nonetheless reversed. Thomas's motion for imposition of a penalty against Amador for frivolous appeal is denied.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 24, 2003.

*Jesse L. Young*, for appellant.
*William H. Arroyo*, for appellee.

