## A04A0978. CAREY v. MAYNARD et al.
(603 SE2d 515)

ADAMS, Judge.

Plaintiff/appellant Mark Carey d/b/a MC Construction filed suit to foreclose a lien on property located in Barrow County against appellees/defendants Paul and Linda Maynard. The Maynards filed a motion for summary judgment, contending that the notice of suit filed by Carey did not comply with the requirements set forth in OCGA § 44-14-361.1 (a) (3). The trial court granted the Maynards' motion for summary judgment, and Carey filed this appeal.

Once a lien has been filed pursuant to OCGA § 44-14-361, the lienholder must file suit to enforce the lien within 12 months. OCGA § 44-14-361.1 (a) (3). Additionally, the lienholder must file notice of the commencement of suit with the clerk of the superior court of the county where the lien is recorded within 14 days of filing suit. Pursuant to that section, this notice must:

> contain a caption referring to the then owner of the property against which the lien was filed and referring to a deed or other recorded instrument in the chain of title of the affected property. . . . The notice shall identify the court wherein the action is brought; the style and number of the action, including the names of all parties thereto; the date of the filing of the action; and the book and page number of the records of the county wherein the subject lien is recorded in the same manner in which liens specified in Code Section 44-14-361 are filed. The clerk of the superior court shall enter on the subject lien so referred to the book and page on which the notice is recorded and shall index such notice in the name of the then purported owner as shown by the caption contained in such notice. A separate lis pendens notice need not be filed with the commencement of this action.[1]

OCGA § 44-14-361.1 (a) expressly provides, "To make good the liens specified in paragraphs (1) through (8) of subsection (a) of Code Section 44-14-361, they must be created and declared in accordance

---

[1] OCGA § 44-14-361.1 also requires that the notice be made under oath, but failure to follow this requirement may be cured by amendment.

with the following provisions, and on failure of any of them the lien shall not be effective or enforceable."

The notice Carey filed in this case contained the caption "Lis Pendens Notice." The property owners were not listed in the caption, and only Linda Maynard was listed as the property owner in the body of the notice. The trial court found, inter alia, that as a result of these errors in filing the notice, the notice was not filed in the deed docket as required by the statute.[2] Moreover, the trial court also found that the failure to name both property owners resulted in the failure to index the notice as required by the statute, and that the clerk had not made the proper notation on the lien concerning the filing of the notice. The trial court found that as a result of these errors in filing the notice the lien was rendered unenforceable.

Carey argues that the notice he filed contained all the necessary information, and that the failure of the clerk to properly file the notice and to properly make note of the filing of the notice on the lien should not be held against him. Although we agree that the filing failures of the clerk should not be held against a lienholder who has strictly complied with the requirements of OCGA § 44-14-361.1, that was not the situation in this case. The notice filed here was wrongly captioned as a lis pendens notice, which is governed by a different statute, OCGA § 44-14-610 et seq. And, as the trial court found, the legislature has drawn a distinction between a notice of suit to enforce a lien and a lis pendens notice. Compare OCGA § 44-14-361 et seq. with OCGA § 44-14-610 et seq.; see also *Grand Atlanta Corp. v. Chenggis*, 142 Ga. App. 375, 376 (235 SE2d 779) (1977). Additionally, the caption was also deficient in that it did not reference the owners of the property as required by the statute. And although Linda Maynard was cited as an owner of the property in the body of the notice, the lien listed both Linda Maynard and Paul Maynard as the property owners. "Accordingly, the lien was rendered unenforceable, as 'failure to comply with the statute extinguished [Carey's] right to a lien again the real estate.' [Cit.]" *Weber Air Conditioning v. Triple-R Pooler*, 245 Ga. App. 590, 591 (538 SE2d 499) (2000).

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

---

[2] The trial court stated that the notice was incorrectly filed in the lis pendens docket, but the notation made by the clerk on the notice indicates it was filed in the general execution docket. In any event, it appears that the notice was incorrectly filed.

112

DECIDED AUGUST 12, 2004.

*David T. Bianco*, for appellant.
*Thomas M. Strickland*, for appellees.