## A05A1011. TRENCH SHORING SERVICES OF ATLANTA, INC.
## v. WESTCHESTER FIRE INSURANCE COMPANY, INC.
### (619 SE2d 361)

BLACKBURN, Presiding Judge.

Following the trial court's grant of summary judgment to Westchester Fire Insurance Company, Trench Shoring Services of Atlanta appeals, contending that the trial court erred by dismissing its action to foreclose on a bond which it issued to replace a materialman's lien on certain real property. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we review the evidence, and all reasonable inferences and conclusions drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

The facts are undisputed. Pursuant to a contract with Campbell Brown Construction, LLC, a private contractor, Trench Shoring supplied equipment which was used to connect a sewer main in a public right-of-way to the newly established sewer system of a private residential subdivision which was under construction. The subdivision was owned by Portfolio Homes Development Company, LLC. The sewer construction in which the equipment provided by Trench Shoring was used took place wholly within the public right-of-way adjoining the residential development. No work was performed on the private residential property using the tools in question.

After the work on the sewer was completed, the private contractor failed to pay $17,414.25 owed to Trench Shoring to compensate it for use of the equipment. In compliance with the procedure required by OCGA § 44-14-361.1, Trench Shoring filed a lien against the private residential property, despite the fact that its equipment was used exclusively on the public right-of-way. Trench Shoring then filed suit against the contractor and obtained a judgment, which remains unsatisfied.

In response to the lien against its property, the landowner obtained a bond from Westchester to discharge the lien. Later, the landowner (bond principal) filed for bankruptcy protection. The underlying action was commenced to foreclose on the bond pursuant to OCGA § 44-14-361.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Trench Shoring and Westchester both filed cross-motions for summary judgment. The court granted Westchester's motion, concluding, "the lien does not identify the right-of-way property for which Plaintiff supplied materials." Trench Shoring now contends that the trial court erred by granting summary judgment in favor of Westchester.

The critical question in this case is whether, according to OCGA § 44-14-361, persons who furnish materials under contract with a private owner have a special lien against the owner's private property for work performed off-site on adjoining public right-of-way property. According to OCGA § 44-14-361 (a), suppliers furnishing equipment for the improvement of real estate "shall each have a special lien on the real estate . . . or other property for which they furnish labor, services, or materials." Trench Shoring suggests that the statute should be read broadly to allow work performed off-site on public land to qualify the adjacent privately-held land for a special lien. Specifically, Trench Shoring argues that a lien may attach to the private residential property because Trench Shoring's equipment was used for sewer work on public land that "improved" the development property, as specified in OCGA § 44-14-361.

Our standard of review, however, requires us to reject Trench Shoring's request for a broad interpretation. "In construing the language in OCGA § 44-14-361.1, we recognize that because materialman's liens are in derogation of the common law, statutes involving such liens must be strictly construed in favor of the property owner and against the materialman." *Browning v. Gaster Lumber Co.*[2] It has already been settled that "material for the improvement of real estate means something that goes into and becomes a part of the finished structure, such as lumber, nails, glass, hardware, etc., which is necessary to the completion of the building, the object of the lien statutes being to secure a lien for that which goes into the structure." (Punctuation omitted.) *Amador v. Thomas.*[3] The equipment supplied by Trench Shoring was used solely off-site on the sewer work in the public right-of-way, not on the development property itself. Although the sewer work was required by the city for the completion of the building, reading the statute strictly and considering the well established case law, we conclude that the off-site work may not be considered an "improvement to the property" pursuant to OCGA § 44-14-361.

---

[2] *Browning v. Gaster Lumber Co.*, 267 Ga. 72, 73 (475 SE2d 576) (1996).

[3] *Amador v. Thomas*, 259 Ga. App. 835, 838 (3) (578 SE2d 537) (2003) (citing *Skandia Draperies Mfg. Co. v. Augusta Innkeepers, Ltd.*, 157 Ga. App. 279, 279-280 (1) (277 SE2d 282) (1981)).

Trench Shoring further argues that legislative intent suggests that OCGA § 44-14-361 includes off-site work within the definition of "improvement." Again a strict reading of the statute precludes this interpretation. *Browning*, supra at 73. "[I]t is the right of the General Assembly to pass all laws . . . , and it is the duty of the court to neither add to nor take away from the laws as thus passed, but to enforce them as written." *Holliman v. State*.[4] If the legislature had intended to broaden OCGA § 44-14-361 to include off-site work it could have. However, absent language extending the statute, we cannot assume that the legislature intended to include off-site work where it is not specified. *Holliman*, supra.

The facts are undisputed and the trial court applied the law properly. Therefore, no genuine issue of material fact existed and the trial court's decision to grant summary judgment in favor of the insurance company was correct.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED AUGUST 1, 2005 —

*Shapiro, Fussell, Wedge, Smotherman, Martin & Price, Ira J. Smotherman, Jr., H. Fielder Martin*, for appellant.
*Howard, Clark & Mercer, Glen W. Clark, Jr.*, for appellee.
Rosemary Sissine, *pro se*.
Jim Sissine, *pro se*.
*Joseph L. Roberto*, amicus curiae.

---

[4] *Holliman v. State*, 175 Ga. 232, 238 (165 SE 11) (1932).