A07A0588. KENDALL SUPPLY, INC. v. PEARSON COMMUNITIES, INC. et al.

(648 SE2d 158)

RUFFIN, Judge.

Kendall Supply, Inc. appeals the trial court's grant of partial summary judgment to Pearson Communities, Inc. and Mountainbrook Development, Inc. (collectively, "Pearson") on the basis that Kendall's materialman's lien against Pearson's property was unenforceable. For reasons that follow, we affirm.

We conduct a de novo review of a grant of summary judgment, viewing the evidence and all reasonable inferences and conclusions drawn from it in a light favorable to the nonmoving party.[1] Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2]

The record shows that Pearson developed a subdivision for which Kendall provided construction materials. Kendall filed a claim of lien against Pearson's property in the Superior Court of Bartow County on November 20, 2003. On May 13, 2004, Kendall filed a complaint in the Superior Court of Bartow County against one of Pearson's contractors that had used the materials. The court entered a judgment in favor of Kendall in the amount of $161,715.31, plus interest and attorney fees, on December 3, 2004.

Kendall submitted a notice of suit pending to the Superior Court of Bartow County; it was notarized on May 4, 2004 and stamped "filed" by the Clerk of Court on May 13, 2004. Kendall did not pay the

[1] See *Trench Shoring Svcs. of Atlanta v. Westchester Fire Ins. Co.*, 274 Ga. App. 850 (619 SE2d 361) (2005).
[2] See id.

fee to record the notice of suit until December 2004.[3] Accordingly, the notice was not actually recorded by the clerk in the real estate records until December 30, 2004.

Kendall brought the present action against Pearson seeking, among other things, to recover under the claim of lien. The trial court granted summary judgment to Pearson on this issue, finding that Kendall did not satisfy the requirements of the materialman's lien statute. OCGA § 44-14-361.1 (a) (3) requires that notice of a pending suit to enforce a lien be filed with the clerk of superior court within 14 days of initiating the suit, and that the clerk record the notice. The trial court concluded that Kendall's notice of pending suit was not timely filed.

Kendall appeals, arguing that the trial court erred in finding that it had not timely filed its notice of commencement of suit as required by OCGA § 44-14-361.1 (a) (3). The relevant portion of the material-man's lien statute reads as follows:

> within 14 days after filing [an action to recover on a lien], the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed. The notice shall contain a caption referring to the then owner of the property against which the lien was filed and referring to a deed or other recorded instrument in the chain of title of the affected property. The notice shall be executed, under oath, by the party claiming the lien or by such party's attorney of record. . . . The notice shall identify the court wherein the action is brought; the style and number of the action, including the names of all parties thereto; the date of the filing of the action; and the book and page number of the records of the county wherein the subject lien is recorded in the same manner in which liens specified in Code Section 44-14-361 are filed. The clerk of the superior court shall enter on the subject lien so referred to the book and page on which the notice is recorded and shall index such notice in the name of the then purported owner as shown by the caption contained in such notice.[4]

---

[3] At the hearing on the motion for summary judgment, counsel for Kendall stated that he contacted the clerk in December and discovered that the lien had not been recorded. He paid the fee at that time.

[4] OCGA § 44-14-361.1 (a) (3).

The materialman's statutes are construed in favor of the property owner and against the materialman.[5] "Further, the materialman's statute requires strict compliance. Before a materialman's lien can be allowed, the lien claimant must show compliance with all conditions of the statute."[6]

Here, Kendall submitted to the clerk a notice that satisfied the requirements of the statute: it referenced the owner of the property and the recorded location of the deed to the property; it was filed under oath; it identified the court, parties, case number, style, and date of filing of the action; and it listed the book and page number where the lien was recorded in the county records.[7] It was submitted on May 13, 2004, the same day the suit was filed. Kendall did not, however, pay the proper fee at the time of filing, rendering the filing ineffective.[8]

The fees for filing documents pertaining to liens on real estate are set forth in OCGA § 15-6-77 (f) (1) (A), and thus were readily discernible by Kendall. While we sympathize with Kendall's argument that it received a file-stamped copy and as a result believed no fee was due, ultimately "[i]t is the responsibility of the plaintiff and his counsel to see that the appropriate fees are paid in a timely manner."[9] Because the notice was not filed within 14 days of suit being initiated, the lien was unenforceable, and the trial court did not err in granting Pearson's motion for partial summary judgment.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 15, 2007.

*Russell T. Bryant*, for appellant.
*Bentley, Bentley & Bentley, Fred D. Bentley, Jr.*, for appellees.

---

[5] See *Roofing Supply of Atlanta v. Forrest Homes, Inc.*, 279 Ga. App. 504, 506 (1) (632 SE2d 161) (2006).
[6] (Citations omitted.) *Gwinnett-Club Assoc. v. Southern Elec. Supply Co.*, 242 Ga. App. 507, 509 (529 SE2d 636) (2000).
[7] See OCGA § 44-14-361.1 (a) (3).
[8] See *Carey v. Maynard*, 269 Ga. App. 110, 111 (603 SE2d 515) (2004).
[9] (Punctuation omitted.) *Slater v. Spence*, 246 Ga. App. 365, 366-367 (540 SE2d 638) (2000).
[10] See *Weber Air Conditioning v. Triple-R Pooler, Inc.*, 245 Ga. App. 590, 591 (538 SE2d 499) (2000).